WRIGHT *v.* WRIGHT.

DIVORCE—ALIMONY—SEPARATION AGREEMENT—TERMINATION.
An agreement between husband and wife for a separation, with a settlement of property matters, is abrogated by their resumption of marital relations, second separation and second resumption thereof, and the contract is no bar to alimony in a suit by the wife for divorce.

Appeal from Wayne; Donovan, J. Submitted June 17, 1910. (Docket No. 86.) Decided July 14, 1910. Rehearing denied December 8, 1910.

Bill by Elizabeth E. Wright against George Wright for a divorce. From a decree for complainant, defendant appeals as to the award of alimony. Affirmed.

*Merriam, Yerkes, Simons & Ladd,* for complainant.

*John E. Maloney* (*Frank W. Atkinson,* of counsel), for defendant.

OSTRANDER, J. The parties were married in 1880 and lived together until December, 1897, when they mutually agreed to separate and live apart from each other. They executed an instrument which recites the agreement, and makes provision for the wife in consideration that she release her husband from the duty to support her, and bars her homestead and dower rights in certain real estate which is described therein. The instrument is witnessed and duly acknowledged. Later, we assume in October in the year 1907, complainant filed her bill against defendant for a divorce, and for alimony, setting up that after the separation in 1897 their marital relations were resumed at different times, the last time, in the summer of 1907, and charging defendant with repeated acts of extreme cruelty. She asked for permanent alimony. There was

an answer and replication, a hearing in open court, and a decree finding the charges of extreme cruelty sustained. The marriage was dissolved, and permanent alimony was awarded. Defendant, appealing, does not ask to have the decree dissolving the marriage reversed, but only that the provision made for the wife at the time of their separation in 1897 be held to be a fair division of the property, and, as it was executed, a bar to the allowance of alimony. It is also claimed that the amount awarded as alimony is, in any event, excessive. It is unnecessary to set out the testimony. We find, as did the court below, that the parties after their first separation resumed marital relations, ended them, and again resumed and ended such relations, upon the promises of defendant, each time broken, to desist from conduct not only reprehensible but criminal. The agreement to separate was therefore abrogated (*Knapp* v. *Knapp*, 95 Mich. 474 [55 N. W. 353]), and the conduct of the parties, in other respects, indicates that they regarded it as abrogated. Indeed, it is urged that defendant later on made other considerable provision for complainant. Complainant's right to permanent alimony was not barred, and we are not satisfied that the court made an unfair division of the property.

The decree is affirmed.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.